{¶ 14} Because I would deny appellants' application for reconsideration, I respectfully dissent. I believe that this court's previous opinion correctly analyzed and resolved appellants' assignments of error. Contrary to the view of the majority, I do not believe that this court's recent decisions in Riggs v. Motorist Mut. Ins. Co., Franklin App. No. 02AP-876, 2003-Ohio-1657, or Flournoy v. Valley Forge Ins. Co., Franklin App. No. 02AP-1008, 2003-Ohio-2196, require reconsideration of our opinion.
 {¶ 15} In Riggs, this court held that "where the parties to a commercial automobile insurance policy seek to limit [uninsured/underinsured] UM/UIM coverage to owned autos only, and where former R.C. 3937.18 as interpreted in Linko [v. Indemn. Ins. Co. of N. Am. (2000), 90 Ohio St.3d 445] is applicable to the facts of the case, on a motion for summary judgment the insurer must produce a brief description of the coverage, the premium for that coverage, and an express statement of the UM/UIM coverage limits in order to demonstrate a valid offer and rejection of UM/UIM limits equal to the limits of liability named in the policy. If the insurer fails to so demonstrate, UM/UIM coverage arises by operation of law." Riggs, supra, at ¶ 49.
 {¶ 16} However, regardless of whether there is a valid offer and rejection of UM/UIM coverage, the party seeking coverage must still qualify as an insured under the policy to be entitled to the benefits imposed by operation of law. In Riggs, appellant qualified as an insured under the policy. In the case at bar, the insured did not qualify as an insured under the terms of the policy for the reasons set forth in the court's opinion. Therefore, the Riggs decision is not a basis for reconsideration of this court's opinion.
 {¶ 17} Likewise, in Flournoy, this court determined that, based on the reasoning in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, and the similarity between the language in the Scott-Pontzer policy and the language in the policy at issue in Flournoy, appellant qualified as an insured under the terms of the policy. This court further determined that appellant was driving a "covered auto" at the time of the accident, as that phrase was defined in the policy. Again, in the case at bar, we held that appellants did not qualify as insureds under the terms of the policy. Consequently, the Flournoy opinion does not support reconsideration of this court's opinion in the case at bar.
 {¶ 18} For these reasons, I respectfully dissent.